UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| VAN SMITH,<br>No. 547356, | )<br>)<br>) |
| Plaintiff, | )  Case No. 1:16-cv-00086<br>)  JUDGE CRENSHAW |
| v. | )<br>) |
| CHERRY LINDAMOOD, *et al.*, | )<br>) |
| Defendants. | ) |

# **M E M O R A N D U M**

Pending before the Court is the Plaintiff's motion to amend/correct his complaint (Doc. No. 10) filed on January 13, 2017 and motion for reconsideration (Doc. No. 14) of the Court's Order entered on January 3, 2017 (Doc. No. 6).

**I.  Procedural History**

Plaintiff, an inmate of the South Central Correctional Center in Clifton, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against Cherry Lindamood, f/n/u Franks, Centennial Medical Center Employees, and Corizon Medical Services, alleging violations of his federal civil rights. (Doc. No. 1). Along with his complaint, the Plaintiff submitted an application to proceed *in forma pauperis*. (Doc. No. 2).

After reviewing the Plaintiff's submissions, the Court entered an Order alerting the Plaintiff that his case could not proceed until the Plaintiff remedied deficiencies in his application to proceed *in forma pauperis.* (Docket No. 3). The Court directed the Plaintiff to comply with the Court's Order within 28 days and warned the Plaintiff that failure to comply with the Court's Order could result in the dismissal of his case. (Id. at p. 2). The Court also advised the Plaintiff that he could

1

ask for an extension of time within which to comply with the Court's instructions as long as he sought the extension within 28 days of the date of entry of the Court's Order. (*Id.*)

The Court's docket reflects that the Clerk's Office mailed a copy of the Court's November 1, 2016 Order to the Plaintiff on November 1, 2016, at the mailing address provided by the Plaintiff to the Court. (Doc. No. 4). Further, the docket reflects that the Plaintiff received the Order on November 3, 2016. (Doc. No. 5). However, the Plaintiff did not respond to the Court's Order and, by Order entered on January 3, 2017, the Court dismissed this action for failure to comply with the Order of the Court and for want of prosecution. (Doc. No. 6). Judgment was entered on the same day. (Doc. No. 7).

On January 13, 2017, the Court received a motion to amend/correct complaint (Doc. No. 10), an *in forma pauperis* declaration (Doc. No. 12), and a Notice of Appeal (Doc. No. 11) from the Plaintiff.

On January 19, 2017, the Sixth Circuit Court of Appeals informed this Court that the Plaintiff's appeal had been docketed but would be held in abeyance until after this Court rules on the motion to amend/correct the complaint. (Doc. No. 13).

On January 26, 2017, the Plaintiff filed a motion for reconsideration (Doc. No. 14), asking the Court to reconsider its previous decision to dismiss this case for failure to comply with the Order of the Court and for want of prosecution and to deny as moot the Plaintiff's application to proceed *in forma pauperis*.

## II. Motion to Amend

Out of an abundance of caution and considering the Plaintiff's *pro se* status, the Court will consider the Plaintiff's motion to amend. See LaFountain v. Harry, 716 F.3d 944 (6th Cir. 2013)(a district court can allow a plaintiff to amend his complaint even when the complaint is subject to

2

dismissal under the Prison Litigation Reform Act's screening requirements for prisoner and *in forma pauperis* suits).

Rule 15(a) (2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment. Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1001 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." Miller v. Calhoun Cnty., 408 F.3d 803, 817 (6th Cir.2005) (citing Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., 632 F.2d 21, 23 (6th Cir.1980)).

The proposed amendment complaint (Doc. No. 10, Attach. 1) is largely identical to the original complaint (Doc. No. 1). However, the Court never screened the original complaint because the Plaintiff failed to comply with the Court's deficiency order entered on November 1, 2016, and the case was dismissed prior to screening. There appears to be no undue prejudice to the opposing parties by permitting the Plaintiff to amend his complaint at this time. Moreover, as explained below, the amendment is not futile in all respects. The Court therefore will grant the motion to amend and screen the amended complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### III. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or

seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**IV.    Section 1983 Standard**

Plaintiff brings his federal claims pursuant to 42 U.S.C. § 1983.    Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Alleged Facts**

The complaint alleges that the Plaintiff, who suffers from diabetes and other medical problems including stomach cancer, is not receiving adequate medical care while incarcerated at the South Central Correctional Center. For example, the complaint claims that inmates, including the Plaintiff, routinely must stand in line for up to two hours in order to receive their medications. According to the complaint, the Plaintiff, due to his diabetic pain, is often unable to walk to the location of the medication distribution line and wait while standing, so the Plaintiff often fails to receive his medication, which worsens his pain and swelling. Because of his medical conditions and resulting pain, the Plaintiff does not "even go a lot of times to lunch and dinner" because the walk there and back is too taxing. (Doc. No. 1 at p. 11).

On July 20, 2016, the complaint alleges that the Plaintiff was in pain and requested permission to seek medical care from Correctional Officer Henning. The complaint alleges that the Plaintiff could not walk the distance to the medical department without assistance due to severe pain in his right side. According to the complaint, Henning did not send the Plaintiff for medical care, instead telling the Plaintiff that the nurse said the Plaintiff "would have to have broken bones or

5

bleeding before they would come get [him] with a wheel chair." (Id. at p. 7).

The complaint further alleges that the Plaintiff needs more frequent monitoring of his sugar as per the facility doctor but that the "medical inside and outside of the pill window cannot check [his] sugar but once a week . . . ." (Id. at p. 12). Additionally, the complaint alleges that the Plaintiff "was told [he has] stomach cancer, and liver problems, and a tumor on [his] side and was given a cat scan, was sent to a doctor in Savnna [sic] TN and nothing was done." (Id. at p. 26).

## IV. Analysis

First, while the complaint names Warden Cherry Lindamood as a Defendant to this action, the Plaintiff has not alleged any specific personal involvement by Lindamood in the events described in the complaint. A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). The Plaintiff here has failed to do so with regard to Lindamood. Thus, the Plaintiff's claims against Lindamood in her individual capacity will be dismissed.

Second, some of the Plaintiff's § 1983 claims are premised on a Defendant's response, or lack of response, to the Plaintiff's grievances. Although the Plaintiff may feel that his grievances were not taken seriously or handled properly, a Plaintiff cannot premise a § 1983 claim on allegations that the an institution's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. See Hewitt v. Helms, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995)); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). A prisoner does not have a constitutional right to an effective or responsive grievance procedure. Plaintiff's claims

based on any Defendant's failure to respond to Plaintiff's grievances do not state a claim upon which relief can be granted. Any such claims will be dismissed.

Next, the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994)(collecting cases); Grubbs v. Bradley, 552 F. Supp. 1052, 1119-1124 (M.D. Tenn. 1982). The failure to provide such necessities is a violation of an inmate's right to be free from cruel and unusual punishment. Bellamy v. Bradley, 729 F.2d 416 (6th Cir. 1984).

In order to state an Eighth Amendment violation, a prisoner must "allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The deliberate indifference requirement is satisfied when an official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "A serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008)(citing Blackmore v. Kalamazoo County, 390 F.3d 890, 897 (6th Cir. 2004)). "The failure to address a serious medical need rises to the level of a constitutional violation where both objective and subjective requirements are met." McCarthy v. Place, 313 Fed. Appx. 810, 814 (6th Cir. 2008). "The objective component requires an inmate to show that the alleged deprivation is 'sufficiently serious'" and 'that he is incarcerated under conditions posing a substantial risk of serious harm.'" Brown v. Bargery, 207 F.3d 863, 867 (6th Cir.

2000)(quoting Farmer, 511 U.S. at 834). "To satisfy the subjective component, an inmate must show that prison officials had 'a sufficiently culpable state of mind.'" Id. Claims of negligence are insufficient to entitle a plaintiff to relief. See Farmer, 511 U.S. at 835.

Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. Such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. Garretson v. City of Madison Heights, 407 F.3d 789, 797 (6th Cir. 2005)(citing Napier v. Madison County, Kentucky, 238 F.3d 739, 742 (6th Cir. 2001)).

After reviewing the original complaints and its attachments as well as the Plaintiff's amended complaint, the Court finds that the Plaintiff states a colorable Eighth Amendment claim based on the allegation that Defendant Franks, a nurse practitioner, refused to treat the Plaintiff for his serious medical needs including failure to transport him by wheelchair to the location where the Plaintiff could receive medical treatment. 28 U.S.C. § 1915A. This claim against Defendant Franks in his or her individual capacity shall proceed for further factual development.

Furthermore, the Court finds that the Plaintiff states colorable Eighth Amendment claims against Corizon Medical Services, the entity presumably responsible for providing medical care to inmates at the South Central Correctional Facility, as well as the unidentified Centennial Medical Center Employees. These claims are based on the Plaintiff's allegations that the method of dispensing inmate medication at the facility fails to take into account the serious medical needs of an individual inmate and, as to this Plaintiff, the distribution process routinely prevents the Plaintiff from receiving needed medication, thereby worsening the Plaintiff's medical condition. Additionally, the Plaintiff alleges that Corizon Medical Services and its employees failed to provide

8

appropriate care for the Plaintiff's diabetes and any care for his cancer. By requiring him to walk to receive medical treatment, rather than sending a wheelchair to assist the Plaintiff who was in pain and has trouble walking due to his diabetic complications, Plaintiff has effectively received no treatment for his diabetes and cancer. These claims will proceed beyond the PLRA screening for further development.

Although designation of "John Doe" or "Jane Doe" defendants is not favored, it is permissible when the defendants' identities are not known at the time the complaint is filed, but may be determined through discovery. See Berndt v. Tennessee, 796 F.2d 879, 882-84 (6th Cir. 1986). The Court concludes that it would be inappropriate to dismiss the complaint against the "John Doe" or "Jane Doe" Defendants (the unnamed Centennial Medical Center employees) at this juncture because of the likelihood that the identities of these Defendants will be determined during discovery.

## V. Conclusion

As set forth above, the Court will grant the Plaintiff's motion amend. (Doc. No. 10). Having screened the amended complaint, the Court finds that all claims will be dismissed with prejudice except as follows: Plaintiff's Eighth Amendment claims against Defendant f/n/u Franks in his or her individual capacity, Corizon Medical Services, and unnamed Centennial Medical Center Employees, as described herein. These claims survive the required PLRA screening and shall proceed for further development. The Plaintiff's motion for reconsideration (Doc. No. 14) will be granted insofar as the Court will permit the Plaintiff to proceed as a pauper in this action.

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE